UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSIAH L. BOYD, | ) |
|     Petitioner, | ) ) ) |
|     v. | )   No. 1:22-cv-01178-TWP-TAB ) |
| JAMES MILBURN, | ) ) |
|     Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

This matter is before the Court on Petitioner Josiah Boyd's ("Mr. Boyd") Petition for Writ of Habeas Corpus. (Dkt. 1). Mr. Boyd, an Indiana prisoner, filed this writ of habeas corpus to challenge a prison disciplinary proceeding identified as Case No. ISR 16-06-0084. For the reasons explained in this Order, Mr. Boyd's habeas petition must be **denied.**

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

1

## II.    The Disciplinary Proceeding

On June 13, 2016, Officer A. Byrd ("Ofc. Byrd") wrote a Report of Conduct ("Conduct Report") charging Mr. Boyd with violating Indiana Department of Correction's ("IDOC") Adult Disciplinary Code A-117, Assault on Staff. (Dkt. 13-1). The Conduct Report states:

> On June 13, 2016, at approximately 9:45am, I, Ofc. A. Byrd and Ofc. W. Lyles went to assist Counselor Hooley in getting Offender Boyd, Josiah #193619 out of his office. As we came to the door, Offender Boyd, Josiah #193619 24B-1B was standing behind Counselor Hooley with his arm wrapped around Counselor Hooley's neck. Counselor Hooley was bleeding from the head area. I, Ofc. Byrd then ordered Offender Boyd, Josiah #193619 to release Counselor Hooley. Offender Boyd, Josiah #193619 refused the order. I then pulled out my OC spray and applied a one second burst of OC spray on the target. Offender Boyd still would not release Counselor Hooley and Ofc. Lyles then deployed a second burst of OC spray on the target to gain compliance. Offender Boyd was then placed on floor and placed in restraints until First Responders arrived and escorted him to ARH.

*Id.* (cleaned up).

Mr. Boyd was notified of the charges on June 24, 2016, when he received the Conduct Report and the Notice of the Disciplinary Hearing ("Screening Report"). *Id.*; (dkt. 13-3). He pled guilty at screening, did not request to call any witnesses or present any physical evidence, and waived his right to twenty-four hours advanced written notice of his hearing. (Dkt. 13-3). Subsequently, Mr. Boyd appeared before a hearing officer for a hearing. (Dkt. 13-5). He again pled guilty. *Id.*

Based on Mr. Boyd's guilty plea and the Conduct Report, dkts. 13-1 and 13-5, the hearing officer found him guilty. (Dkt. 13-5). Mr. Boyd was sanctioned with the deprivation of one year of earned credit time, two class credit demotions, and other sanctions which do not concern his custody. *Id.*

The IDOC referred the assault to the Madison County Prosecutor subsequently, Mr. Boyd was prosecuted for attempted murder. (Dkt. 13 at 2). The sentence he was serving at Pendleton

2

expired in June 2017.[1] Mr. Boyd was convicted and sentenced on the attempted murder charge in September 2018. *Id.* (citing *Boyd v. State*, No. 18A-CR-2492 (Ind. Ct. App. Nov. 20, 2019)). He is currently serving a sentence for this conviction.[2]

After he was sentenced for attempted murder, Mr. Boy appealed the disciplinary conviction arguing that he should have not been charged with attempted murder in addition to his disciplinary sanctions. (Dkts. 13-6 and 13-7). His appeals were denied. *Id.*

Mr. Boyd then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1). The Court interpreted his petition as challenging prison policy violations in the disciplinary process and ordered Mr. Boyd to show cause why his petition should not be dismissed because claims based on prison policy are not cognizable and do not form a basis for habeas relief. (Dkt. 3 (citing *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008)). In his response, Mr. Boyd does not dispute that he received due process during the disciplinary proceedings. (Dkt. 7 at 1 (Mr. Boyd stating that he "received due process")). Rather, he asserts that he believes that his rights were violated when the IDOC referred the case, and he was prosecuted criminally. *Id.* at 1-2 (Mr. Boyd asserting that "void IDOC criminal charges" were filed after the IDOC "resolved [his discipline] internally").

### III.   Analysis

Mr. Boyd erroneously filed this case as a challenge to a prison disciplinary conviction. (Dkt. 1). While Mr. Boyd alleges that IDOC personnel violated his rights, he only challenges his current custody as a result of the sentence issued by the Madison County Court in the criminal

---

[1] According to the IDOC Offender Data, Mr. Boyd completed his initial incarceration on June 6, 2017 and was sentenced for attempted murder on September 19, 2018. *See* https://www.in.gov/apps/indcorrection/ ofs/ofs?lname=Boyd&fname=Josiah&search1.x=57&search1.y=11 (last visited June 26, 2023).

[2] Mr. Boyd is currently serving his sentence in Alaska by special agreement. (Dkt. 13 at 1, n. 1).

3

case.[3] *Id.* at 3 (Mr. Boyd asserting that his criminal charges are invalid because the prosecutor filed them after receiving a "void routing slip" from the IDOC)); (dkt. 14 at 3-4 (Mr. Boyd stating that "his due process rights were violated after the fact of the matter" by IDOC personnel forwarding information to the prosecutors and that "criminal charges should not have been filed")). Therefore, he has not identified any due process violations pursuant to his disciplinary proceeding or sanctions, and he is not entitled to any relief in this action.[4]

If Mr. Boyd wishes to pursue relief pertaining to his underlying criminal case, he needs to file a new state conviction habeas action pursuant to 28 U.S.C. § 2254. The clerk **is directed** to send Mr. Boyd a blank habeas petition form along with a copy of this order.

## IV.    Conclusion

For the reasons stated above, Mr. Boyd is not entitled to habeas corpus relief related to his prison disciplinary proceeding. Accordingly, the Petition for Writ of Habeas Corpus (Dkt. 1), is **denied** and the action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/30/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[3] To the extent that Mr. Boyd's filings could be construed as asserting policy violations or double jeopardy violations relating to his disciplinary proceeding, his contentions are unavailing. (Dkt. 1 at 3; dkt. 14 at 4); (dkt. 13 at 13-14 (Respondent addressing policy violation and double jeopardy arguments)). *See Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004) ("[D]ouble jeopardy protections do not attach in prison disciplinary proceedings."); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."). Thus, Mr. Boyd is not entitled to relief on these grounds.

[4] The Court recognizes that Respondent raised exhaustion and untimely filing arguments in its Return and that Mr. Boyd responded to these arguments in his Reply. (Dkt. 13 at 6-11; dkt. 14 at 1-3). Because the Court finds that Mr. Boyd is not entitled to relief on the merits, the Court need not address these arguments any further. *See, e.g., Brown v. Watters*, 599 F.3d 602, 609-10 (7th Cir. 2010) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (both approving ability of district courts to bypass questions of exhaustion for judicial expediency).

Distribution:

JOSIAH L. BOYD
193619
Spring Creek Correctional Center
3600 Bette Cato Ave.
Seward, AK 99664

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov